UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
In Re:                                              :
                                                    :
THE GREAT ATLANTIC & PACIFIC TEA     :
COMPANY, INC.,                                      :
         Debtor.                                    :
--------------------------------------------------------------x
MICHELE BROWN,                                      :    **OPINION AND ORDER**
                                                    :
         Appellant,                                 :    22 CV 4117 (VB)
v.                                                  :
                                                    :
THE GREAT ATLANTIC & PACIFIC TEA     :
COMPANY, INC.,                                      :
                                                    :
         Appellee.                                  :
--------------------------------------------------------------x

Briccetti, J.:

  Appellant Michele Brown ("Brown"),[1] proceeding pro se and in forma pauperis, appeals from an order dated August 20, 2018 (the "Reconsideration Order") of the United States Bankruptcy Court for the Southern District of New York (Hon. Robert D. Drain), which denied Brown's motion to reconsider or vacate an order expunging personal injury claims filed by Brown in The Great Atlantic & Pacific Tea Company, Inc.'s ("A&P") second Chapter 11 bankruptcy proceeding.

  Now pending are A&P's motion to dismiss the appeal and its request for sanctions pursuant to Rule 8020 of the Federal Rules of Bankruptcy Procedure ("Rule 8020"). (Doc. #11).

---

[1] On the docket, Brown's name is incorrectly spelled "Michelle" Brown. The Court uses the correct spelling here.

1

For the reasons set forth below, A&P's motion to dismiss is GRANTED, and its request for sanctions is GRANTED to the extent that the Court awards reasonable attorney's fees incurred in connection with this appeal.

**BACKGROUND**

The following background is drawn primarily from A&P's brief in support of the motion (Doc. #12 ("A&P Br.")), Brown's opposition (Doc. #16 ("Brown Opp.")), accompanying exhibits, and the Bankruptcy Court docket.[2]

A&P and certain of its affiliates (collectively, the "Debtors") operated supermarkets under various trade names, including Pathmark. Brown allegedly sustained injuries in a slip and fall accident occurring at a Pathmark store in June 2009.

On December 12, 2010, A&P and its affiliates filed for Chapter 11 bankruptcy in the Bankruptcy Court for the Southern District of New York (the "A&P I Cases"). Brown filed a proof of claim in the A&P I Cases, seeking damages arising from her 2009 slip and fall (the "A&P I Claim"). Pursuant to the confirmed chapter 11 plan, dated February 17, 2012 (Doc. #13-5 (the "A&P I Plan")), the A&P I Claim was discharged and Brown was only entitled to her pro rata share of a recovery pool for general unsecured creditors, to the extent funds remained

---

[2]   "BR-__" refers to documents filed in the Bankruptcy Court docket, In re the Great Atlantic & Pacific Tea Company, Inc., No. 15-23007-RDD (Bankr. S.D.N.Y., filed July 19, 2015).  "Doc. #__" refers to documents filed in this Court's docket.  Citations to "Objection Hr'g Tr." refer to the transcript of a Bankruptcy Court hearing on the Debtors' omnibus objection to claims with insufficient documentation, held on October 5, 2017.  (Doc. #13-6).  Citations to "Reconsideration Hr'g Tr." refer to the transcript of a Bankruptcy Court hearing on Brown's motion to reconsider or vacate the A&P Claims II Order, held on August 15, 2018.  (Doc. #13-9).  Citations to "Case Conf. Tr." refer to the transcript of an initial conference held by this Court on June 30, 2022.  (Doc. #13-14).

after secured creditors were paid.    Ultimately, there was no money left to pay unsecured creditors.

On July 19, 2015, the Debtors filed their second Chapter 11 bankruptcy proceeding (the "A&P II Cases").    Brown filed two proofs of claim in the A&P II Cases (the "A&P II Claims"), listing "2016 New Claim" as the basis for the claims.    (Doc. #13-1 at ECF 2, 3).[3]    However, Brown submitted no evidence suggesting the A&P II Claims arose after the A&P I Cases began. Indeed, during a hearing conducted by the Bankruptcy Court on October 5, 2017, Brown conceded the A&P II Claims were based on the alleged 2009 slip and fall, i.e., "the same accident" as the A&P I claim.    (Objection Hr'g Tr. at 46–47).

On December 22, 2017, the Bankruptcy Court entered an order disallowing and expunging Brown's A&P II Claims (Doc. #13-8 (the "A&P II Claims Order")).    The Bankruptcy Court determined the claims arose from the alleged accident in 2009, before the A&P I Cases were commenced, and were therefore discharged under the A&P I Plan.    (Id. at 2–3).

On June 22, 2018, Brown filed a letter with the Bankruptcy Court, requesting a hearing on why she received no payment for her alleged injuries.    The letter was docketed as a "Motion to Compel" (BR-4015), and construed by the Bankruptcy Court as a motion to reconsider or vacate the A&P II Claims Order.

At a hearing on August 15, 2018, the Bankruptcy Court explained its conclusion that, because Brown's A&P II Claims were based on injuries that allegedly occurred in 2009, they

---

[3]   "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

3

were discharged in the A&P I Cases, and could not be asserted again in the A&P II Cases.  The Bankruptcy Court also warned Brown that if she continued to assert her discharged claims, she "will have to pay" the cost of the Debtors' opposition.  (Reconsideration Hr'g Tr. at 17).  Brown acknowledged her understanding that she could be sanctioned, and expressed displeasure with the outcome.  (Id. at 18–19 ("If I keep asserting it, then I'm going to be sanctioned and I'm going to have to pay for A&P now."); id. at 21 ("I understand exactly what you're saying, sir, and I appreciate you saying it, but I'm not going to pay bills for an injury that was caused by somebody else.")).

On August 20, 2018, the Bankruptcy Court entered the Reconsideration Order, denying Ms. Brown's motion to reconsider or vacate the A&P II Claims Order and reiterating that her claims were discharged under the A&P I Plan.  (Doc. #13-2).  The Bankruptcy Court also ordered that any attempt by Brown to assert or collect on any claim based on the alleged 2009 accident "will subject her to sanctions, including, without limitation, the costs and expenses, including reasonable attorneys fees, of the debtors in opposing such attempt."  (Id. at 3).[4]  On August 20, 2018, the Debtors served Brown with a copy of the Reconsideration Order, as directed by the court.  (Doc. #13-10).

Between January 23 and March 21, 2019, Brown filed several letters with the Bankruptcy Court, seeking reconsideration of its decision and a new hearing date on her claims.  (See Doc. #13-11).

---

[4] The Bankruptcy Court used all capital letters in this portion of the Reconsideration Order, presumably to draw Brown's attention to its warning.  However, for ease of reading, this Court uses ordinary capitalization in quoting the order.

4

On March 25, 2019, Brown filed a notice of appeal from the Reconsideration Order (the "First Appeal"). Brown did not file a designation of the record on appeal or an appellate brief, notwithstanding extensions of her time to do so. Accordingly, on October 18, 2019, the First Appeal was dismissed without prejudice for failure to prosecute. (Doc. #13-12).

On May 3, 2022, Brown filed a notice of appeal with the Bankruptcy Court (the "Second Appeal") contesting the expungement of her claims, which was subsequently docketed with this Court. (Doc. #13-13). At an initial conference held on June 30, 2022, attended by Brown and counsel for A&P, the Court reviewed the procedural history of the case and explained to Brown that her claims had been discharged, her time to appeal the Reconsideration Order had "long since expired" (Case Conf. Tr. at 12), and if she continued pursuing her claims, she "could be ordered to pay, among other things, the attorney's fees of the other side because it's frivolous." (Id. at 16). A&P's counsel informed Brown and the Court that if Brown withdrew the Second Appeal, A&P would not seek sanctions against her. (Id. at 12). However, Brown insisted she was "not going to let it go." (Id. at 17). The Court then encouraged Brown to carefully consider dismissing her appeal, and cautioned her that if "necessary and appropriate," the Court would "impose financial sanctions on [her] for pursuing a frivolous litigation" (id. at 26) that was "even more frivolous now than it was back in 2018," given the untimeliness of the Second Appeal. (Id. at 28).

Brown chose to proceed with her appeal.

## DISCUSSION

I. Dismissal for Lack of Appellate Jurisdiction

A&P argues Brown's notice of appeal was untimely filed, which deprives the Court of

5

subject matter jurisdiction over the Second Appeal.

The Court agrees.

A district court's jurisdiction to hear a bankruptcy appeal is circumscribed by 28 U.S.C. § 158(c)(2), which requires such appeals to be filed "in the time provided by Rule 8002" of the Federal Rules of Bankruptcy Procedure (the "Rules").  It is well settled that a party appealing from a bankruptcy court order—even a pro se appellant—must strictly comply with the time limits set forth in the Rules.  See Ivers v. Ciena Cap. LLC, 2016 WL 1562943, at *1 (S.D.N.Y. Apr. 15, 2016) (citing cases).[5]  When a notice of appeal is not timely filed, the district court lacks jurisdiction to consider the appeal and must dismiss it.  In re Indu Craft, Inc., 749 F.3d 107, 115 (2d Cir. 2014).

Generally, "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed."  Fed. R. Bankr. P. 8002(a)(1).  In some circumstances, a notice of appeal filed more than fourteen days later may nonetheless be timely.  First, the time to appeal may be tolled by the timely filing of certain post-judgment motions, such as a motion for reconsideration under Rule 9024, if the motion is filed within fourteen days after entry of the order.  Id. 8002(b)(1).  Second, a court may extend the time to file a notice of appeal, if the appellant moves for an extension (i) within fourteen days after entry of the order being appealed, or (ii) within twenty-one days after that time, if the appellant shows "excusable neglect."  Id. 8002(d).

---

[5]     Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.  Brown will be provided copies of all unpublished opinions cited in this decision.  See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009) (per curiam).

Brown failed to file a timely notice of appeal from the Reconsideration Order, which was entered on August 20, 2018. Brown filed her Second Appeal on May 3, 2022, more than three years after the deadline under Rule 8002(a)(1). Moreover, Brown does not contend, and the record does not reflect, that her time to appeal was tolled or extended by a timely filed motion. Although Brown filed several letters asking the Bankruptcy Court to reconsider the Reconsideration Order, which could be construed as motions for reconsideration under Rule 9024, those letters were filed between January and March 2019—months after the fourteen-day deadline under Rule 8002(b)(1)(D) had expired. And Brown did not file any motion under Rule 8002(d) to extend her deadline to appeal.

Accordingly, the Court lacks jurisdiction over the Second Appeal and must dismiss it.

II.     Request for Sanctions under Rule 8020

A&P asks the Court to impose sanctions under Rule 8020, and seeks "at a minimum" reasonable attorney's fees incurred in connection with the Second Appeal. (A&P Br. at 13–14).

The Court agrees sanctions are warranted here, but, in light of Brown's pro se and in forma pauperis status, declines to impose any sanctions beyond an award of reasonable attorney's fees.

A.      Legal Standard

Under Rule 8020, if a district court "determines that an appeal [from a bankruptcy court order] is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. Bankr. P. 8020(a).

7

In determining whether an appeal is frivolous, a court "must employ the standards established by Rule 38 of the Federal Rules of Appellate Procedure." In re Reifler, 2018 WL 3212464, at *5 (S.D.N.Y. June 28, 2018). "In the Second Circuit, frivolousness is determined not in the abstract but in relation to the arguments actually made by the appellant." Elliott v. PHH Mortg. Corp. for Keybank Nat'l Ass'n, 2017 WL 10153592, at *2 (N.D.N.Y. Aug. 8, 2017). Accordingly, sanctions may be imposed if a party proceeds with an argument "totally lacking in merit, framed with no relevant supporting law, conclusory in nature, and utterly unsupported by the evidence." In re Taneja, 2018 WL 1831853, at *4 (S.D.N.Y. Apr. 16, 2018) (quoting StreetEasy, Inc. v. Chertok, 730 F. App'x 4, 7 (2d Cir. 2018) (summary order)).

B.  Application

As an initial matter, the Court has jurisdiction to impose sanctions here even though it lacks subject matter jurisdiction to consider Brown's appeal. See In re Reifler, 2018 WL 3212464, at *6 (imposing sanctions under Rule 8020 for frivolous appeal notwithstanding lack of jurisdiction over the appeal); see also Schlaifer Nance & Co. v. Est. of Warhol, 194 F.3d 323, 333 (2d Cir. 1999) ("[E]ven when a district court lacks subject matter jurisdiction over an underlying action, it still possesses jurisdiction to impose sanctions arising from the underlying case.").

With respect to the merits, this appeal is plainly frivolous, as the Court told Brown at the initial conference. (Case Conf. Tr. at 16, 26). First, as explained above, Brown's appeal is untimely. Second, Brown has failed to articulate any substantive basis for reversing the Reconsideration Order or the underlying order expunging her claims. In opposing A&P's motion to dismiss the Second Appeal, Brown submitted copies of her medical records, along with a letter in which she expressed her frustration with how unsecured claims are treated in

8

bankruptcy proceedings and her determination to "continue until I got heard." (Brown Opp. at ECF 4). Brown cited no legal authority or evidence addressing the issues on appeal. And after a thorough review of the record, the Court concludes this appeal was "brought without the slightest chance of success." Brady v. Sheindlin, 2021 WL 5312995, at *3 (2d Cir. Nov. 16, 2021) (summary order).

Indeed, the record suggests Brown may be pursuing this appeal with the improper purpose of harassing A&P to pay her medical bills. (See, e.g., Brown Opp. at ECF 4 ("[Y]ou should . . . make Michele Brown some kind of offer maybe we can rule out some things.")). In any event, it is clear Brown will not stop trying to collect on her discharged claims unless she is sanctioned—and perhaps not even then. (See Case Conf. Tr. at 17 ("You got charges you want to bring against me? You bring them. . . . Because I am not stopping.")).

Turning to the procedural requirements under Rule 8020, the Court notes A&P filed, as a single document, its "Motion to Dismiss Appeal and Request for Sanctions Pursuant to Fed. R. Bank. P. 8020." (Doc. #11). However, even without a separately filed motion, a court "may, with adequate notice and an opportunity to be heard, impose sanctions [sua] sponte." Brady v. Sheindlin, 2021 WL 5312995, at *3.

At the initial case conference, the Court informed Brown that her appeal was frivolous and warned her that the Court "will . . . impose financial sanctions on you for pursuing a frivolous litigation" if the Court believed it was "necessary and appropriate" to do so. (Case Conf. Tr. at 26). The Court also expressly cited "Rule 8020" as the basis for such sanctions. (Id. at 21). Moreover, this Court, and the Bankruptcy Court, repeatedly explained to Brown why it was unlawful for her to keep pursuing damages from A&P. The Court therefore

9

concludes Brown received adequate notice of the potential for sanctions under Rule 8020.  See Schlaifer Nance & Co. v. Est. of Warhol, 194 F.3d at 334 (addressing sanctions under the district court's inherent power and explaining "[a]t a minimum, the notice requirement mandates that the subject of a sanctions motion be informed of:  (1) the source of authority for the sanctions being considered; and (2) the specific conduct or omission for which the sanctions are being considered so that the subject of the sanctions motion can prepare a defense.").

Brown also had "a reasonable opportunity to respond" to the Court's warning that it would impose sanctions if appropriate, Fed. R. Bankr. P. 8020(a), and to respond to A&P's request for sanctions, which was filed thirty days before Brown's opposition was due.  But she failed to offer any reason why the Court should not impose sanctions here.

Accordingly, the Court will impose sanctions against Brown under Rule 8020. However, because Brown is proceeding pro se and in forma pauperis, the Court only awards A&P its reasonable attorney's fees incurred in defending this appeal, in an amount to be determined after A&P submits documentation supporting its request.

## CONCLUSION

A&P's motion to dismiss is GRANTED, and its request for sanctions is GRANTED to the extent that the Court awards reasonable attorney's fees incurred in connection with this appeal.

By **March 14, 2023**, A&P shall specify the amount of reasonable attorney's fees it is seeking, keeping in mind Brown's pro se and in forma pauperis status, and shall submit documentation supporting its request.  If Brown wishes to submit a response to A&P's request

10

for attorney's fees, she shall do so by no later than **April 4, 2023**.   A&P shall not submit a reply absent leave of Court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Opinion and Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.   See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk is instructed to terminate the pending motion.   (Doc. #11).

Chambers will mail a copy of this Opinion and Order to plaintiff at the address on the docket.

Dated: February 28, 2023
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge